UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE J. MARSHALL and SCOTT
DAHLIN, individually and on behalf of
all others similarly situated,

          *Plaintiffs*,

v.

WAL-MART STORES, INC.,

          *Defendant.*

_____/

CASE NO.:

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiffs, George J. Marshall and Scott Dahlin (collectively, "**Plaintiffs**"), individually and on behalf of all others similarly situated, sue Defendant, Wal-Mart Stores, Inc. ("**Defendant**" or "**Wal-Mart**"), and state as follows:

## NATURE OF THE ACTION

1.    This action involves Defendant's uniform deceptive sales practices with respect to certain herbal supplements it sells to consumers throughout the United States. Wal-Mart is a retail chain with more than 4,000 locations across the country and more than 250 locations in the state of Florida. At each of its stores, Wal-Mart offers for sale a variety of herbal supplements under its own private label, "Spring Valley," including, but not limited to, Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto (collectively, "**Herbal Supplements**"). "Spring Valley" brand products are exclusively sold at Wal-Mart stores. As alleged herein, Defendant's labeling, marketing and sale of these Herbal Supplements is deceptive and misleading to consumers. Upon information and belief, the Herbal Supplements are uniformly mislabeled because each lacks the integral ingredient listed on the

product label. Instead, each contains contaminants, substitutes and fillers that are not identified on the product label.

2.      The contamination, substitution, and false labeling of the Herbal Supplements constitute a deceptive business practice.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, George J. Marshall, is a resident of Venice, Sarasota County, Florida.

4.      Plaintiff, Scott Dahlin, is a resident of Corpus Christi, Nueces County, Texas.

5.      Defendant, Wal-Mart Stores, Inc., is incorporated in Arkansas with its principal place of business in Bentonville, Benton County, Illinois.

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which Plaintiffs are citizens of states different from Defendant. This Court also has federal question jurisdiction under 28 U.S.C. § 1331.

## GENERAL ALLEGATIONS

7.      Defendant conducts business throughout the United States and operates more than 4,000 stores in all 50 states, including more than 250 stores in the state of Florida.

8.      In addition to selling products manufactured by others, Defendant also markets and sells hundreds of its own private-label products at its stores across the United States and in Florida.

9.      The present complaint concerns "Spring Valley" branded Herbal Supplements, including Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto.

10.     "Spring Valley" is Defendant's house brand of Herbal Supplements, which Wal-Mart offered exclusively at Wal-Mart stores throughout the United States.

11.     Defendant represented on the labels of these Herbal Supplements that they contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto, respectively. Contrary to their labeling, tests have revealed that the above products do not contain these herbs. In particular, testing revealed that Defendant's "Gingko Biloba" contained no Gingko Biloba and instead contained oryza (rice), dracaena (a tropical houseplant), mustard, wheat and radish; Defendant's "St. John's Wort" contained no St. John's Wort and instead contained allium (garlic), oryza and cassava (a tropical root crop); Defendant's "Ginseng" contained no Ginseng and instead contained oryza, dracaena, pinus strobus (pine tree), wheat grass and citrus; Defendant's "Echinacea" contained no Echinacea and no genetic plant material; Defendant's "Saw Palmetto" contained no Saw Palmetto in 12 of 15 tests.  In the three tests that identified the presence of Saw Palmetto, it was not the predominant ingredient, and other tests confirmed that "Saw Palmetto" contained allium and oryza.  These undisclosed contaminants, substitutes and fillers are known allergens and, as a result, it is imperative that their inclusion in the above-listed products be disclosed to consumers.

12.     While plants have been used for medicinal purposes for thousands of years, the use of herbal supplements has increased dramatically in the United States over the last several decades.  Indeed, herbal supplements are more popular today than ever before, and plants of all kinds are currently being studied for their health benefits.  It is widely accepted that herbal supplements can be effective treatments for a variety of conditions.  As a result, consumers who purchase such products reasonably expect that they will actually contain the herbs identified and listed as ingredients on the label.  In other words, reasonable consumers who purchased Defendant's "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea,

Echinacea-Golden Seal Complex, and Saw Palmetto believed these products actually contain the herbs as labeled.

13.     In short, consumers who purchased Defendant's Herbal Supplements were duped. Instead of receiving "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto, consumers received worthless products that did not match the ingredients listed on their labels.

14.     On February 3, 2015, the New York Attorney General served Wal-Mart with a "Cease and Desist Notification," indicating that an investigation and testing conducted on behalf of the Attorney General's Office found that Wal-Mart's "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto did not contain these herbs, as listed on the product labels.  Rather, these products contained undisclosed substances or substances other than what was represented on their labels.  In the Notification, attached hereto as "Exhibit A," the New York Attorney General affirmed that only 4% of Defendant's products that were tested yielded DNA matching the product labels.  The Attorney General also indicated in the Notification that contamination, substitution and falsely labeled herbal products constituted deceptive business practices and presented considerable health risks for consumers.

15.     Plaintiffs and Class Members did not know or have reason to know that Defendant's Herbal Supplements did not contain the herbal ingredients listed on their labels. Plaintiffs and any other consumers acting reasonably in the same circumstances likely would be deceived and believe that the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto contained the listed ingredients.

16.     Plaintiffs and Class Members relied upon the representations on Defendant's product labels to their detriment.  Plaintiffs and Class Members acting reasonably in the same

circumstances would not have purchased these products had they known they were not actually Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.  Plaintiffs and Class Members have been damaged by Defendants' deceptive and misleading labeling of these worthless products, and they are entitled to a refund of the purchase price of the products.

## PLAINTIFF MARSHALL'S PURCHASE OF DEFENDANT'S PRODUCTS

17.     At all relevant times, Plaintiff Marshall was an individual residing in the state of Florida. He is a "consumer" as defined by the Florida Deceptive and Unfair Trade Practices Act, §501.203(7), Florida Statutes.

18.     Over the past six years, Plaintiff Marshall has regularly purchased "Spring Valley" branded Echinacea-Golden Seal Complex from Wal-Mart stores located at 4150 South Tamiami Trail, Venice, Florida 34293, and 13140 South Tamiami Trail, Osprey, Florida 34229. Most recently, Plaintiff Marshall purchased this product from one of the above stores between December 2014 and January 2015.

19.     Before purchasing this product, Plaintiff Marshall reviewed the product label, which expressly claimed that it contained Echinacea.  When Plaintiff Marshall purchased the product, he reasonably believed that it contained Echinacea, and that it did not contain any additional undisclosed ingredients.

20.     Unbeknownst to Plaintiff Marshall and Class Members, the product that Plaintiff purchased did not include the ingredients identified on the label. Upon information and belief, the Echinacea-Golden Seal Complex does not contain any Echinacea.  As described above, testing confirmed that Defendant's "Spring Valley" branded Echinacea does not contain any Echinacea or other genetic plant material.

21.     Had Plaintiff Marshall known that the Echinacea-Golden Seal Complex did not actually contain Echinacea and that it contained undisclosed contaminants, substitutes, and fillers, he would not have purchased this product.

22.     As a result of the foregoing, Plaintiff Marshall and Class Members have suffered damages.

### PLAINTIFF DAHLIN'S PURCHASE OF DEFENDANT'S PRODUCTS

23.     At all relevant times, Plaintiff Dahlin was an individual residing in the state of Texas.

24.     For at least the past four years, Plaintiff Dahlin has regularly purchased "Spring Valley" branded Echinacea from a Wal-Mart store located in Corpus Christi, Texas.   Most recently, Plaintiff Dahlin purchased the product in or around August 2014.

25.     Before purchasing this product, Plaintiff Dahlin reviewed the product label, which expressly claimed that the product contained Echinacea.  When Plaintiff Dahlin purchased the product, he reasonably believed that it contained Echinacea, and that the product did not contain any additional undisclosed ingredients.

26.     Unbeknownst to Plaintiff Dahlin and putative Class Members, the aforementioned product that Plaintiff Dahlin purchased did not include the ingredients identified on the label. As described above, Defendant's "Echinacea" does not contain Echinacea.  The referenced testing confirmed that Defendant's "Spring Valley" branded "Echinacea" contained no Echinacea and no genetic plant material.

27.     Had Plaintiff Dahlin known that this product did not actually contain Echinacea, and that it contained undisclosed contaminants, substitutes, and fillers, he would not have purchased the product.

28.     As a result of the foregoing, Plaintiff Dahlin and Class Members have suffered damages.

## CLASS ACTION ALLEGATIONS

29.     Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiffs bring this action on behalf of themselves and all others similarly situated.  Specifically, Plaintiffs seek to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between February 6, 2011 and the present, purchased "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto from Wal-Mart Stores, Inc.

Plaintiff Marshall also seek to represent the following persons ("**the Sub-Class**" or "**Sub-Class Members**"):

> All persons in the state of Florida who, between February 6, 2011 and the present, purchased "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto from Wal-Mart Stores, Inc.

The Class and Sub-Class definitions are subject to amendment as needed.

30.     Excluded from the Class and Sub-Class are Defendant, its employees, agents, and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiffs' counsel.

31.     Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress.

## Numerosity

32.     At the time of filing, Plaintiffs do not know the exact number of putative Class Members. However, the thousands of Wal-Mart store locations throughout the United States,

coupled with the popularity of the Herbal Supplements, affirms that Class Members likely number in the tens or hundreds of thousands, and are geographically dispersed throughout the country.

33.     The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

### **Predominance of Common Questions of Law and Fact**

34.     This action involves common questions of law and fact, which predominate over any questions affecting only individual Class Members.  The common legal and factual questions include, but are not limited to, the following:

    a.  whether the product labeled as "Spring Valley" brand Gingko Biloba contains Gingko Biloba;

    b.  whether the product labeled as "Spring Valley" brand Gingko Biloba contains undisclosed contaminants, substitutes or fillers;

    c.  whether the product labeled as "Spring Valley" brand St. John's Wort contains St. John's Wort;

    d.  whether the product labeled as "Spring Valley" brand St. John's Wort contains undisclosed contaminants, substitutes or fillers;

    e.  whether the product labeled as "Spring Valley" brand Ginseng contains Ginseng;

    f.  whether the product labeled as "Spring Valley" brand Ginseng contains undisclosed contaminants, substitutes or fillers;

    g.  whether the product labeled as "Spring Valley" brand Echinacea contains Saw Palmetto;

h.  whether the product labeled as "Spring Valley" brand Echinacea contains undisclosed contaminants, substitutes or fillers;

i.  whether the product labeled as "Spring Valley" brand Echinacea-Golden Seal Complex contains Echinacea;

j.  whether the product labeled as "Spring Valley" brand Echinacea-Golden Seal Complex contains undisclosed contaminants, substitutes or fillers;

k.  whether Defendant mislabeled the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto;

l.  whether Defendant's mislabeling of the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto constitutes a deceptive trade practice in violation of the Florida Deceptive and Unfair Trade Practices Act, §501.203(7), Florida Statutes;

m.  whether Defendant's mislabeling of the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto constitutes a breach of express warranty;

n.  whether Defendant's mislabeling of the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto constitutes a breach of implied warranty of merchantability;

o.  whether Defendant's mislabeling of the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto constitutes a breach of implied warranty of fitness for a particular purpose;

p.   whether Defendant was unjustly enriched by Plaintiffs and Class Members who purchased the mislabeled Herbal Supplements;

q.   whether Plaintiffs and Class Members have sustained damages as a result of the conduct alleged herein and, if so, what is the proper measure of such damages; and

r.   whether Plaintiffs and Class Members are entitled to injunctive or other equitable relief.

## Typicality

35.   Plaintiffs' claims are typical of the claims of the Class Members, as Plaintiffs and Class Members have been injured by Defendant's uniform misconduct – the mislabeling, marketing and selling of "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto that does not actually contain the listed ingredients, but rather contains undisclosed contaminants and fillers that are not identified on the product labels.

36.   Plaintiffs share the aforementioned facts and legal claims and questions with all putative Class Members.  Further, a sufficient relationship exists between Defendant's uniform misconduct and the damages sustained by Plaintiffs and putative Class Members.

## Adequacy

37.   Plaintiffs will fairly and adequately protect the interests of the Class and are committed to the vigorous prosecution of this action.  Plaintiffs have retained counsel experienced in complex consumer class action litigation and matters specifically involving consumer labeling claims.  Plaintiffs have no interests adverse or antagonistic to those of the Class.

**<u>Superiority</u>**

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a.  The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

b.  Absent a Class, the Class Members will continue to suffer damage and Defendant's illegal conduct will continue without remedy;

c.  Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts.   Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e.  When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f.  No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

11

g.  The litigation and trial of Plaintiffs' claims are manageable;

h.  Defendant has acted and/or refused to act on grounds generally applicable to Plaintiffs and the Class by mislabeling and selling "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto that do not actually contain the named ingredients, but do contain undisclosed contaminants and fillers, rendering just and appropriate final injunctive relief for the Class; and

i.  Because Plaintiffs seek injunctive relief and corresponding equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## **Fraudulent Concealment**

39.  Throughout the Class period, Defendant knew and affirmatively concealed from Plaintiffs and Class Members that, contrary to its labelling, the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw

Palmetto did not actually contain the named ingredients, but rather contained undisclosed contaminants, substitutes and fillers.

40.    Defendant had a duty to disclose to Plaintiffs and Class Members the actual ingredients of the above-described Herbal Supplements.  Notwithstanding its duty, Defendant never disclosed to Plaintiffs and Class Members that "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto does not contain the named ingredients, but rather contains undisclosed contaminants, substitutes and fillers.

41.    Despite exercising reasonable diligence, Plaintiffs and Class Members could not have discovered Defendant's affirmative concealment and mislabeling of the Herbal Supplements.  Thus, running of the statute of limitations has been tolled with respect to any claims that Plaintiffs or Class Members have brought or could have brought as a result of the uniform unlawful conduct described herein.

42.    Defendant is further estopped from asserting any statute of limitations defense to the claims alleged herein by virtue of their acts of fraudulent concealment.

## COUNT I - BREACH OF EXPRESS WARRANTY

43.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 above as if fully set forth herein.

44.    Plaintiffs bring this claim individually and on behalf of Class Members.

45.    Defendant, as the marketer, seller and distributor, expressly warranted that the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.

46.     In fact, the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto were adulterated and, rather than including the actual herbs listed on the product labels, these products contained contaminants, substitutes and fillers not listed on the product labels.

47.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs and Class Members have been injured because they would not have purchased the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products had they known that they did not contain the ingredients listed on the product labels.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 above as if fully set forth herein.

49.     Plaintiffs bring this claim individually and on behalf of Class Members.

50.     Defendant, as the marketer, seller and distributor, impliedly warranted that the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.

51.     Defendant breached the warranty implied in the contract for the sale of "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto because these products could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex,

and Saw Palmetto are adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels. As a result, Plaintiffs and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

52.     Plaintiffs and Class Members purchased "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products in reliance upon Defendant's skill and judgment, and the implied warranties of fitness for the purpose.

53.     "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were not altered by Plaintiffs or Class Members.

54.     "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were defective when they left the exclusive control of Defendant.

55.     Defendant knew that its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products would be purchased and used without additional testing by Plaintiffs and Class Members.

56.     "Spring Valley" Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were defectively designed and unfit for their intended purpose, and Plaintiffs and Class Members did not receive the goods as warranted.

57.     As a direct and proximate cause of Defendant's breach of implied warranty, Plaintiffs and Class Members have been injured because they would not have purchased the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-

Golden Seal Complex, and Saw Palmetto products had they known that they did not contain the ingredients listed on the product labels.

## COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

58.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 above as if fully set forth herein.

59.     Plaintiffs bring this claim individually and on behalf of Class Members.

60.     Defendant marketed, distributed and sold "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products with implied warranties that these products were fit for their intended purposes and that they contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.  At the time that "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were sold, Defendant knew or had reason to know that Plaintiffs and Class Members were relying on Defendant's skill and judgment to select or furnish products that were suitable for sale.

61.     Plaintiffs and Class Members purchased "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products in reliance upon Defendant's implied warranties.

62.     Defendant's "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were not altered by Plaintiffs or Class Members.

63.     As a direct and proximate cause of Defendant's breach of implied warranty, Plaintiffs and Class Members have been injured because they would not have purchased the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-

Golden Seal Complex, and Saw Palmetto products had they known that they did not contain the ingredients listed on the product labels.

## COUNT IV - VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301

64.     Plaintiffs reallege and incorporates by reference paragraphs 1 through 42 above as if fully set forth herein.

65.     Plaintiffs bring this claim individually and on behalf of Class Members.

66.     Plaintiffs make this claim under state express warranty law, as allowed under Section 2301(d)(1)(B) of the Magnuson-Moss Warranty Act ("**MMWA**").  Plaintiffs incorporate by reference each and every allegation in their first (Breach of Express Warranty), second (Breach of Implied Warranty of Merchantability) and third (Breach of Implied Warranty of Fitness for a Particular Purpose) Causes of Action as though fully set forth herein.

67.     "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products are "consumer products," as defined in 15 U.S.C. §2301(1).

68.     Plaintiffs and Class Members are "consumers," as defined in 15 U.S.C. §2301(3).

69.     Defendant is a "supplier" and "warrantor," as defined in 15 U.S.C. §§ 2301(4) and (5).

70.     In connection with the sale of "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products, Defendant issued written warranties within the meaning of 15 U.S.C. § 2301(6), which warranted that the Herbal Supplements contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.

71.      In fact, Defendant's "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products are adulterated products that contain contaminants, substitutes and fillers, as alleged herein.

72.      Defendant's breach of the express warranty deprived Plaintiffs and Class Members of the benefit of their bargain.

73.      By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiffs and Class Members pursuant to the MMWA, thereby damaging Plaintiffs and Class Members.

74.      Plaintiffs and Class Members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the mislabeled Herbal Supplements had they known that the Supplements did not contain the herbs identified on their labels.

75.      As a direct and proximate result of Defendant's breach of express warranty, Plaintiffs and Class Members sustained damages and other losses in an amount to be determined at trial.

76.      Plaintiffs and Class Members are entitled to revoke their acceptance of the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products to obtain damages and equitable relief, and to obtain attorney fees and costs under 15 U.S.C. § 2301.

## COUNT V – NEGLIGENT MISREPRESENTATION

77.      Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 above as if fully set forth herein.

78.      Plaintiffs bring this claim individually and on behalf of Class Members.

79.     As described herein, Defendant represented that its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products contained Gingko Biloba, St. John's Wort, Ginseng, Echinacea, and Saw Palmetto.  However, Defendant failed to disclose that these products were actually adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels.  Defendant had a duty to disclose this information.

80.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made without knowledge of their truth or veracity.

81.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products.

82.     Defendant's negligent misrepresentations and omissions, upon which Plaintiffs and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products.

83.     Plaintiffs and Class Members would not have purchased "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto if they had known the true facts.

84.     The negligent actions of Defendant caused damage to Plaintiffs and Class Members who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI - FRAUD

85.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 above as if fully set forth herein.

86.     Plaintiffs bring this claim individually and on behalf of Class Members.

87.     As described herein, Defendant provided Plaintiffs and Class Members with false or misleading material information and failed to disclose material facts about its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products, including, but not limited to, the fact that these products were actually adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels.

88.     The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products.

89.     The fraudulent actions of Defendant caused damage to Plaintiffs and Class Members who are entitled to damages and other legal and equitable relief as a result.

### COUNT VII – VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
**(Plaintiff Marshall individually and on behalf of the Florida Class)**

90.     Plaintiff Marshall realleges and incorporates by reference paragraphs 1 through 42 above as if fully set forth herein.

91.     Plaintiff Marshall brings this claim individually and on behalf of Class Members.

92.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Fla. Stat., *et seq.* ("**FDUTPA**").

93.     Plaintiff Marshall and Class Members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

94.     Defendant markets, distributes and sells the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products.  These products are "goods" within the meaning of FDUTPA.

95.     FDUPTA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

96.     For the reasons discussed herein, Defendant violated and continues to violate FDUPTA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute § 501.201, *et seq*. Defendant's affirmative misrepresentations, omissions and practices described herein were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

97.     For the reasons discussed herein, Defendant violated and continues to violate FDUPTA by engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

98.     Defendant misrepresented and omitted material facts regarding its "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products by failing to disclose that the products did not contain the listed herbs and, instead, contained contaminants, substitutes and fillers not listed on the product labels.

99.     Defendant's practices regarding the mislabeled "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products were likely to deceive, and did deceive, consumers acting reasonably under the circumstances.

100.    Defendant's unconscionable, deceptive and unfair acts and practices caused actual damages to Plaintiff Marshall and Class Members who were unaware of the fact that Defendant's "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products did not contain the listed herbs and, instead, contained contaminants, substitutes and fillers not listed on the product labels.

101.    Plaintiff Marshall and Class Members have been aggrieved by Defendant's unfair and deceptive acts and practices in that they paid for "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products that did not contain the listed herbs and, instead, contained contaminants, substitutes and fillers not listed on the product labels.

102.    The harm suffered by Plaintiff Marshall and Class Members was directly and proximately caused by the deceptive, misleading and unfair practices of Defendant, as more fully described herein.  Plaintiff Marshall and Class Members would not have purchased the "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products had they known that the products did not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels.

103.    Pursuant to section 501.211(1), Fla. Stat., Plaintiff Marshall and Class Members seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant, and for restitution and disgorgement.

104.    Additionally, pursuant to sections 501.211(2) and 501.2105, Fla. Stat., Plaintiff Marshall and Class Members make claims for damages, attorneys' fees and costs.

105.    Plaintiff Marshall and Class Members reserve the right to allege other violations of FDUPTA as Defendant's conduct is ongoing.

## COUNT VIII - UNJUST ENRICHMENT

106.    Plaintiffs restate and reallege the allegations of paragraphs 1 through 42 as if fully stated herein.

107.    Plaintiffs assert this cause of action individually and on behalf of Class Members.

108.    Plaintiffs and Class Members have conferred a benefit upon Defendant by purchasing "Spring Valley" branded Gingko Biloba, St. John's Wort, Ginseng, Echinacea, Echinacea-Golden Seal Complex, and Saw Palmetto products.

109.    By its deceptive, misleading and unlawful conduct alleged herein, Defendant has unjustly received and retained a benefit at the expense of Plaintiffs and Class Members.

110.    Under principles of equity and good conscience, Defendant should not be permitted to retain money belonging to Plaintiffs and Class Members that it unjustly received as a result of its deceptive, misleading and unlawful conduct alleged herein without providing compensation to Plaintiffs and Class Members.

111.    Plaintiffs and Class Members have suffered financial loss as a direct result of Defendant's misconduct.

112.    Plaintiffs and Class Members are entitled to restitution of, disgorgement of, or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendant, and for such other relief that this Court deems proper, as a result of their deceptive, misleading and unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all putative Class Members the following relief against Defendant:

A.      An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying the Class defined herein, appointing Plaintiffs as Representatives of the Class, and/or Plaintiff Marshall as Representative of the Sub-Class, and appointing Plaintiffs' counsel as Class Counsel; and

B.      An award of compensatory damages against Defendant in favor of Plaintiffs and Class Members for damages sustained as a result of Defendant's wrongdoing;

C.      An award of restitution and disgorgement of Defendant's revenues to Plaintiffs and Class Members;

D.      An award of pre- and post-judgment interest;

E.      Injunctive relief prohibiting future statutory violations;

F.      An award of attorney fees and costs to Plaintiffs and Class Members; and

G.      An award of such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts triable by jury.

Dated: February 6, 2015                    Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

/s/ John A. Yanchunis_____
John A. Yanchunis (Florida Bar No. 324681)
Jonathan B. Cohen (Florida Bar No. 0027620)
Rachel Soffin (Florida Bar No. 018054)
Marcio W. Valladares (Florida Bar No. 0986917)
201 N. Franklin St., 7th Floor

24

Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
jcohen@forthepeople.com
rsoffin@forthepeople.com
mvalladares@forthepeople.com

Michael L. Murphy*
Gregory Y. Porter*
BAILEY GLASSER LLP
910 17th Street NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
mmurphy@baileyglasser.com
gporter@baileyglasser.com

*Pending pro hac vice admission*

*Attorneys for Plaintiffs*